1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    RAFAEL LOPEZ,                    )        1:08-cv-01353-OWW-SMS-PC
                                      )
10              Plaintiff,            )        FINDINGS AND RECOMMENDATIONS
                                      )        RECOMMENDING DISMISSAL OF
11        vs.                         )        ACTION FOR FAILURE TO STATE A
                                      )        CLAIM
12   PEOPLE OF THE STATE OF           )
     CALIFORNIA,                      )        OBJECTIONS, IF ANY, DUE IN THIRTY
13                                    )        (30) DAYS
                Defendant.            )
14   _____)

15        Plaintiff, Rafael Lopez ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action

16   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on September 11, 2008.  (Doc. 1.)

17   **I.        SCREENING REQUIREMENT**

18        The court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

20   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

21   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

22   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

23   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

24   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

25   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

26        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

27   relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

28                                               1

1    claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

2    citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

3    Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

4    accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

5    425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

6    all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

7    **II.      SUMMARY OF COMPLAINT**

8           Plaintiff is a state prisoner presently incarcerated at High Desert State Prison in Susanville,

9    California.  The complaint was filed on September 11, 2008  and names one defendant, the People of

10   the State of California.  Plaintiff requests as relief the reversal of his criminal case and a correction to

11   his sentence based on the promise he was given by the prosecutor when he entered a guilty plea at the

12   Fresno County Superior Court.  (Case 313768-4.)

13   **III.     HABEAS CORPUS**

14          When a prisoner challenges the legality or duration of his custody, or raises a constitutional

15   challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.

16   Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied

17   11 S.Ct. 1090 (1991).   "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no

18   matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

19   conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily

20   demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125

21   S.Ct. 1242, 1248 (2005).

22          In the complaint, plaintiff clearly challenges his conviction and sentence.  Plaintiff claims he

23   agreed to a plea bargain for a reduced sentence but was given a different sentence.  He seeks as relief

24   the reversal of his case and a correction to his sentence.  Success in this action would necessarily

25   demonstrate the invalidity of confinement or its duration.   Therefore, plaintiff's sole federal remedy is

26   a writ of habeas corpus, and the court should dismiss the claim without prejudice.

27   ///

28                                                      2

1    **IV.    CONCLUSION**

2            The court finds that plaintiff's complaint does not contain a claim upon which relief may be

3    granted under section 1983.  The court also finds that the deficiencies in the complaint are not capable

4    of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. §

5    1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Therefore, based on the

6    foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without

7    prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section

8    1983.

9            These Findings and Recommendations will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

11   after being served with these Findings and Recommendations, plaintiff may file written objections with

12   the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

13   Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

14   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16   IT IS SO ORDERED.

17   **Dated:    September 16, 2008               /s/ Sandra M. Snyder         **
                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28                                               3